UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELIX GARCIA,

Plaintiff,

-against-

J & B FAST FOOD INC., D/B/A/ KENNEDY'S CHICKEN & BISCUITS et al.,

Defendants.

25-CV-6557 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

By letter filed on **August 3, 2026**, *see* Dkt. 60, the Court was advised that the parties have reached a settlement in principle. As the parties acknowledge, Court approval is required for settlement of Fair Labor Standards Act (FLSA) claims where dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure is contemplated. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).[1]

Accordingly, it is hereby ORDERED that, on or before **September 4, 2026,** the parties must submit the settlement agreement to the Court along with a joint letter explaining the basis for the proposed settlement and why, if parties contemplate dismissal under Rule 41, it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*. *See Wolinsky*, 900 F. Supp. 2d at 335-36. The letter should also address, if applicable, any incentive payments to the plaintiff and any attorney's fee award to plaintiff's counsel (with documentation to support the latter, if appropriate).

**Now that the parties have reached a settlement, they have the option to consent to proceed for all purposes before the assigned Magistrate Judge** (the appropriate form for which is available at http://nysd.uscourts.gov/node/754), in which case the assigned Magistrate Judge would decide whether to approve the settlement. If all parties consent to proceed before the assigned Magistrate Judge, **they should file a fully executed version of the consent form on the docket on or before the date set forth above**.

In addition, the parties are advised that the Court will not approve any settlement agreement containing any of the following provisions:

- a confidentiality provision, unless the parties can show that there are reasons, specific to the case, sufficient to overcome the common law right of access to judicial documents. *See id.* at 337-41 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases); *see also Sanz v. Johny Utah 51 LLC*, 2015 WL 1808935, at *2 (S.D.N.Y. Apr. 20, 2015);

[1] Judicial approval is not required for a settlement of FLSA claims by way of a Rule 68(a) offer of judgment. *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 414 (2d Cir. 2019).

- a release or waiver provision that releases or waives claims that have not accrued or claims unrelated to wage-and-hour matters, unless the parties can show that there are reasons, specific to this case, justifying such a broad release. *See, e.g.*, *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015); or
- a clause that bars a plaintiff from making negative statements about a defendant unless it includes a carve-out for truthful statements about a plaintiff's experience in litigating his case, or unless the parties can show that there are reasons, specific to this case, justifying a non-disparagement clause without such a carve-out. *See, e.g.*, *Zapata v. Bedoya*, 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016).

If the settlement agreement contains any of these provisions, the parties' joint letter should also indicate whether they want the Court, in the alternative, to consider for approval the settlement agreement with the provision(s) stricken (in which case, the Court would, absent good cause, docket both the parties' joint letter and the settlement agreement itself — notwithstanding any confidentiality provision). *Cf. Fisher v. SD Protection Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (holding that a district court may approve or reject a settlement of FLSA claims but may not modify the agreement itself).

Plaintiff's motion for default judgment, Dkt. 36, is DENIED AS MOOT.

All pending deadlines in this case are adjourned *sine die*. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 36.

SO ORDERED.

Dated: August 3, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge